

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| BRADRIC GRAY,<br>　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action 9:21-cv-03021-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Bradric Gray seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying his claims for disability insurance benefits under the Social Security Act. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Kijakazi's decision. The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on December 12, 2022. Both parties failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of January 2023, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE